IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VALERIY RAZUMOV, et al.,

    Plaintiffs,                         No. CIV S-08-0336 LEW DAD PS

    vs.

COUNTRYWIDE BANK, FSB, et al.,        <u>FINDINGS AND RECOMMENDATIONS</u>

    Defendants.

_____/

        Plaintiffs are two individuals proceeding pro se.  One of the plaintiffs has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court.  28 U.S.C. § 1914(a).  The district court may authorize the commencement of an action without prepayment of the fees by an individual who submits an affidavit demonstrating inability to pay such fees or give security therefor.  28 U.S.C. § 1915(a).

        Plaintiff Valeriy Razumov's in forma pauperis application reveals that he is employed and earns take-home salary or wages of $4,500.00 per month.  He owns a house with an estimated value of $500,000 and an automobile with an estimated value of $10,000.  He

1

supports his wife, Raisa Razumov, who is a plaintiff in this action, and his son. These facts fail to demonstrate that the plaintiffs are indigent. Accordingly, the application to proceed in forma pauperis should be denied. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

The undersigned has considered granting the plaintiffs an opportunity to pay the filing fee in full. However, an examination of plaintiffs' complaint reveals that there is no basis for federal jurisdiction. Plaintiffs assert claims of fraud, misrepresentation, breach of contract and void contract in connection with the purchase of their home. Plaintiffs assert jurisdiction predicated on 28 U.S.C. § 1332 and allege the following jurisdictional facts: the amount in controversy exceeds $50,000 exclusive of interest and costs; all plaintiffs are California citizens and reside in this district; all defendants do business in this district; the claim arose in this district; defendant Countrywide Bank, FSB "is a corporation incorporated under the laws of the State of Virginia having its principal place of business in the State of Virginia in Alexandria"; defendant Countrywide Home Loans, Inc. "is a foreign corporation incorporated under the laws of the State of California having its principal place of business in the State of New York"; and plaintiffs have not discovered the domiciles of the remaining defendants.

Section 1332(a) provides as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Where jurisdiction is predicated on diversity, diversity must exist at the time the lawsuit is filed. Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 571 (2004).

1  A corporation is "a citizen of any State in which it has been incorporated and of
2  the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Thus, a
3  corporation incorporated in one state and having its principal place of business in another state is
4  said to have dual citizenship in both states.  A corporation can sue or be sued in diversity actions
5  only if no opposing party is a citizen of either state.  Bank of Calif. Nat'l Ass'n v. Twin Harbors
6  Lumber Co., 465 F.2d 489, 491-92 (9th Cir. 1972).
7  Plaintiffs have alleged that defendant Countrywide Home Loans, Inc. is
8  incorporated under the laws of the State of California and has its principal place of business in
9  the State of New York.  The defendant's incorporation in the State of California bars federal
10 diversity jurisdiction if any plaintiff is a citizen of the State of California.  Defendant
11 Countrywide Home Loans, Inc. and both plaintiffs are citizens of the State of California.  Thus,
12 diversity of citizenship is lacking and plaintiffs are precluded from proceeding in federal court on
13 the basis of diversity jurisdiction.
14 The undersigned will recommend that plaintiff Valeriy Razumov's in forma
15 pauperis application be denied and that this action be dismissed for lack of subject matter
16 jurisdiction.  See Fed. R. Civ. P. 12(h)(3).  Dismissal should be without prejudice to the filing of
17 an action in the appropriate state court.
18 Accordingly, IT IS HEREBY RECOMMENDED that:
19 1. Plaintiff Valeriy Razumov's February 13, 2008 application to proceed in forma
20 pauperis be denied; and
21 2. This action be dismissed without prejudice for lack of jurisdiction.
22 These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10)
24 days after being served with these findings and recommendations, plaintiffs may file written
25 objections with the court.  A document containing objections should be titled "Objections to
26 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

1  objections within the specified time may waive the right to appeal the District Court's order. See

2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: February 19, 2008.

```
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE
```

DAD:kw
Ddad1\orders.prose\razumov0336.f&r.ifpjur